IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terrance Griffin, ) <br> ) <br>            Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Elizabeth Holcomb; Rachel Laddaga; Grealin ) <br> Frazier; William Brightharp; John/Jane Doe, ) <br> *Doctor Lieber CI*, ) <br> ) <br>            Defendants. ) <br> _____ ) | C/A No. 0:13-2694-MGL-PJG <br><br><br> **ORDER TO SHOW CAUSE** |

The plaintiff, Terrance Griffin ("Griffin"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for pretrial proceedings.

Griffin alleges that the defendants were deliberately indifferent to his medical needs regarding his dislocated shoulder. Griffin filed a motion to compel which, in relevant part, moved the court for an order compelling the defendants to produce a copy of the special management unit ("SMU") log book for the dates of January 25, 2012 and January 26, 2012. (ECF No. 32; Request for Production No. 2, ECF No. 32-2 at 5.) The defendants objected to this production on the bases that the request "seeks information which is not relevant and not likely to lead to the discovery of relevant admissible evidence"; that "this information is privileged and would be a violation of prison policy if released"; and that "S.M.U. Log Books are privileged information not subject to disclosure." (Defs.' Resp. in Opp'n Mot. to Compel, ECF No. 38 at 4.) On August 5, 2014, the court issued a Docket Text Order granting in part Griffin's motion to compel and directing the defendants to produce any documents responsive this request to the court for *in camera* review.

*PJG*

Upon review, the court finds that portions of the documents produced to the court *in camera* appear to be relevant to Griffin's claims in this matter. The defendants are hereby granted fourteen (14) days from the date of this Order to respond in writing providing legal authority for their assertion that the log books at issue are "privileged information not subject to disclosure." Alternatively, the defendants may present *in camera* a proposed redacted copy of the log book which reveals only the portions of the log book pertaining to Griffin for the court to review for sufficiency prior to disclosure to the plaintiff. A redacted copy should include, at a minimum, page 275 entry 11:14, and the portions of pages 277, 278, and 279 pertaining to the plaintiff. In the absence of such filing, the court will enter an order directing the defendants to produce the *in camera* documents to Griffin.

Griffin is granted fourteen (14) days from the filing of the defendants' submission to file any response.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 29, 2014
Columbia, South Carolina