

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| TERRANCE GRIFFIN, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 0:13-2694-MGL-PJG |
| § | |
| ELIZABETH HOLCOMB; RACHEL § | |
| LADDAGA; GREALIN FRAZIER; § | |
| WILLIAM BRIGHTHARP; § | |
| JOHN/JANE DOE, *Doctor Lieber CI*, § | |
| Defendants. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS HOLCOMB, FRAZIER, AND BRIGHTHARP'S MOTION FOR
SUMMARY JUDGMENT, GRANTING DEFENDANT LADDAGA'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT,
AND DISMISSING AS MOOT PLAINTIFF'S MOTION TO STAY

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Court grant both Defendants Holcomb, Frazier, and Brightharp's motion for summary judgment and Defendant Laddaga's motion to dismiss or, in the alternative, for summary judgment. Plaintiff's motion to stay is also pending before the Court. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 12, 2014, and the Clerk of Court entered Plaintiff's objections on January 12, 2015. The Court has considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

As a preliminary matter, the Court notes that Defendants Holcomb, Frazier, and Brightharp maintain that they are entitled to summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies before filing suit. The Court, however, need not reach that issue in that the Court's consideration of the merits of Plaintiff's claims is dispositive of the case.

The essence of Plaintiff's complaint is that Defendants were deliberately indifferent to his medical needs in relation to his claims that (1) he was initially denied medical treatment for the dislocation of his shoulder and (2) that he was not allowed to complete physical therapy following the treatment of his dislocated shoulder. In the Magistrate Judge's comprehensive and well-reasoned Report, she carefully considered the allegations, the evidence, and the law. And, in doing so, she concluded that both of Plaintiff's claims must fail inasmuch as Plaintiff has not demonstrated that any of the defendants "(1) had *actual* knowledge (2) of a *substantial* risk of *serious* harm to [Plaintiff] and (3) that the defendant[s] *disregarded* that substantial risk." Report 12 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "[L]iability under this standard requires that the evidence show that the official in question: (1) 'subjectively recognized a substantial risk of harm;' and (2) 'subjectively recognized that his actions were inappropriate in light of that risk.'" Report 12

2

(quoting *Prrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004). The Court agrees with the Magistrate Judge's conclusion.

Most of Plaintiff's objections are nothing more than a reargument of issues already considered and rejected by the Magistrate Judge. Because the Court agrees with the Magistrate Judge's treatment of these matters, it need not repeat the discussion here. As such, those objections are overruled. The Court, however, finds it necessary to address just a few of the statements that Plaintiff makes in his objections.

First, in Plaintiff's objections, he states that "Defendant Laddaga deviated from the standard of care by failing to even relieve Plaintiff's pain temporarily, nor provide Plaintiff with adequate treatment for his injured shoulder. Objections 2 (citation omitted). But, this is a medical malpractice argument, not a constitutional one. And, "[m]ere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983." Report 8 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Consequently, the Court will overrule this objection.

Second, Plaintiff makes arguments in his objections regarding qualified immunity and Eleventh Amendment immunity. Objections 6. But, there is nothing in the Report regarding either of those topics. Thus, the Court will overrule these objections, too.

Third, Plaintiff objects to the Magistrate Judge's consideration of whether he exhausted his administrative remedies before he filed this suit. But, inasmuch as the Court is deciding Plaintiff's case on the merits, it need not address his objections regarding his alleged failure to exhaust his administrative remedies. Accordingly, those objections will also be overruled.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it

herein. Therefore, it is the judgment of this Court that: (1) Defendants Holcomb, Frazier, and Brightharp's motion for summary judgment is **GRANTED**, (2) Defendant Laddaga's. motion to dismiss or, in the alternative, for summary judgment is **GRANTED**, and (3) Plaintiff's motion to stay is **DISMISSED AS MOOT**.

Moreover, as observed by the Magistrate Judge, it appears from the record that Defendants John/Jane Doe, *Doctor Lieber CI*, were never served with process. Report 2 n.1. As such, the Court accepts the Magistrate Judge's suggestion that those remaining defendants are **DISMISSED WITHOUT PREJUDICE**.

To the extent that Plaintiff is making a medical malpractice or any other such negligence claim here, those claims are **DISMISSED WITHOUT PREJUDICE** so that he can bring those claims in state court if he wishes to do so.

**IT IS SO ORDERED**.

Signed this 20th day of January, 2014, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4